ANDREW MUIR and Another, Plaintiffs, *v.* WALTER J. PALMATER and Another, Defendants.

Supreme Court, Richmond County, March 27, 1925.

Boundaries — action to determine location of boundary line between two lots on each of which common grantor had erected houses — plaintiff entitled to judgment — actual physical conditions control.

In an action to determine the boundary line between two lots in a city, the contention by the defendants that the boundary line runs through plaintiff's house cannot be sustained, in view of the fact that both houses were built by a common grantor and were always regarded by him as standing upon separate lots. The actual physical conditions control, notwithstanding defendants' theory as to measurement of lot and direction of street as disclosed from map.

ACTION to determine the location of the boundary line between the lands of the parties.

*H. Klauber* [*A. H. Cameron* of counsel], for the plaintiffs.

*L. W. Widdecombe,* for the defendants.

HAGARTY, J.:

Title is traced through a common grantor, and the respective conveyances are by lot numbers described upon the Simonson map, filed in Richmond county on the 26th of August, 1853. The common grantor had erected a house upon each parcel. Under the defendants' theory, the southerly line of defendants' property is approximately five feet south of the line claimed by the plaintiffs to be their northerly boundary line, and the disputed strip includes a part of the land upon which is erected the plaintiffs' home. The surveyors agree that Washington avenue, as it actually is, does not run at right angles to Simonson avenue, but at an angle of something over ninety-two degrees. The surveyor who testified for plaintiffs recognized this angle in his deductions, while defendants' surveyor ignored it, upon the assumption that the apparent parallel upon the

map controlled. Defendants' witness, however, does not contradict or question the testimony of plaintiffs' witness that the scale of the map is so small that the difference between a right angle and an angle of ninety-two degrees, if it exists, could not be discerned. Since Washington avenue does not run at right angles to Simonson avenue, it does not run parallel to the lateral lines of the lots immediately to the north. I find the westerly line of lot 164 to be 151.2 feet. Therefore the southerly line of plaintiffs' property begins at a point 476.2 feet north of the intersection of the northerly side of Washington avenue and the easterly side of Simonson avenue. The southerly line of defendants' property begins at a point on Simonson avenue 75 feet to the north of plaintiffs' southerly line and runs parallel to it. Even if defendants' theory were assumed, *i. e.*, that the map discloses that Washington avenue runs parallel to the lateral lines of the lots on Simonson avenue to the north, and that the westerly side of lot No. 164 is 144.6 feet, nevertheless, in this case, the actual physical conditions now existing would control. (*Herse* v. *Mazza,* 100 App. Div. 59, 62; *Smith* v. *Stacey,* 68 id. 521; *Singer* v. *Mayor, etc.,* 47 id. 42.) Judgment for the plaintiffs, with costs.